UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. MEYERS, STEPHANIE A.
MEYERS, CHARLES EL-MOUSSA,                           CLASS ACTION
GEOFF BINNEY, individually and on                    CASE NO. 05-70453
behalf of themselves and others similarly            HON. LAWRENCE P. ZATKOFF
situated,

     Plaintiffs,

v.

ABN AMRO MORTGAGE GROUP, INC.
and INTERFIRST, a division of ABN AMRO
MORTGAGE GROUP, INC.,

     Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 28, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss filed on July 14, 2005. Plaintiffs have responded to Defendants' Motion, and Defendants have replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants Motion to Dismiss is GRANTED.

## II.  BACKGROUND

Defendants are wholesale mortgage lenders.  They generally do not originate the mortgage loans that they fund.  Plaintiffs allege that Defendants' profitability is dependent on their relationships with mortgage brokers, and that Defendants have an illegal and undisclosed kickback program with the brokers.

Specifically, Plaintiffs allege that illegal and undisclosed kickbacks occurred for the following loans: Robert and Stephanie Meyers, on December 5, 2003; Geoff Binney on October 31, 2002; and Charles El-Moussa on September 25, 2003.  Plaintiffs allege that the kickbacks violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*  Plaintiffs also allege that loans with similar violations were made to other borrowers.  Plaintiffs filed their complaint on February 4, 2005.

On July 14, 2005 Defendants filed a Motion to Dismiss, arguing that Plaintiffs' claims are barred by the one year statutes of limitations of RESPA and TILA.

## III.  LEGAL STANDARD

### A.  Failure to State a Claim

A motion brought pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims.

The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor.  *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992).  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999).  Furthermore, the Court need not accept as true legal conclusions or

unwarranted factual inferences.  The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover.  *See Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.34[2] (3d ed. 2000).  If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to FED. R. CIV. P. 56.  *See* FED. R. CIV. P. 12(b).

### B.  Equitable Tolling

Statutes of limitations may be tolled when the defendant has fraudulently concealed from the plaintiff the existence of a cause of action.  *Pinney Dock & Transp. Corp. v. Penn Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir. 1988).  In order to toll the statute:

> [T]he plaintiff must allege in the complaint that: (1) the defendant concealed the conduct that constitutes the cause of action; (2) defendant's concealment prevented plaintiff from discovering the cause of action within the limitations period; and (3) until discovery plaintiff exercised due diligence in trying to find out about the cause of action.

*Id.*  In addition, the "burden of proving the elements of fraudulent concealment is upon plaintiff." *Id.*

### IV.  ANALYSIS

Both RESPA and TILA have a one year statute of limitations.  *See* 15 U.S.C. § 1640(e); 12 U.S.C. § 2614.  Defendants note that the loans Plaintiffs complain of were made on October 31, 2002;  September 25, 2003, and December 5, 2003.  Defendants argue that since Plaintiffs'

Complaint was filed on February 4, 2005, it is time-barred and should be dismissed.

Plaintiffs raise several arguments in response. First, Plaintiffs argue that it is not clear from the face of the Complaint that all claims of unnamed class members are time-barred. However, this argument is without merit. If named plaintiffs are unable to establish a case, they may not seek relief on behalf of other members of the class. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). The Southern District of New York has held that:

> Where the named plaintiff in a class action suit fails to state a claim upon which relief could be granted, the complaint must be dismissed. Plaintiff should not be able to defeat a meritorious motion to dismiss by styling his complaint as a class action. The statute of limitations ran on plaintiff's claim, and defendants are entitled to an order of dismissal.

*Hall Special Situations Investment Fund v. Basix Corp.*, No. 91 Civ. 1202, 1994 U.S. Dist. LEXIS 4653, *4 (S.D.N.Y. 1994). Defendants' Motion to Dismiss stands or falls on the merits of Plaintiffs' claims, not those of unnamed class members.

Plaintiffs also argues that Defendants' alleged RESPA and TILA violations may have occurred after the loans in question were granted. However, this argument is also without merit. In *Wachtel v. West*, 476 F.2d 1062 (6th Cir. 1973), the Sixth Circuit considered whether, for purposes of TILA, "a violation of the duty to disclose information to a borrower occurs at the time such disclosure is first required to be made, or whether it is a continuing violation until such time as the disclosure is actually made." *Id.* at 1063. The Court held that the violation occurs when the disclosure is first required. *Id.* at 1065. Similarly, the Fifth Circuit has held that a RESPA violation occurs when the loan closing takes place, and not when the kickbacks are actually paid. *See Snow v. Mississippi Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003). Thus, when determining whether the statute of limitations has run, the Court must consider the loan dates of October 31, 2002;

September 25, 2003, and December 5, 2003.

Finally, Plaintiffs argue that they are not required to plead facts supporting equitable tolling of the statute of limitations, but did plead such facts nevertheless. The Court finds this argument unpersuasive. Plaintiffs cite Seventh Circuit cases for the proposition that the statute of limitations is an affirmative defense that need not be addressed in the complaint. While that is the general rule, "[d]ismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint, such as the absolute immunity of a defendant, claim preclusion, or the statute of limitations." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.34[4][b] (3d ed. 2000). Courts have dismissed RESPA claims where the action was clearly filed after the statute of limitations had expired and there were no grounds for equitable tolling. *See Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 908 (E.D. Mich 2003). In this case, the statute of limitations defense appears on the face of the complaint, since the last loan was obtained on December 5, 2003, and the Complaint was filed on February 4, 2005.

Plaintiffs do not allege facts sufficient to allow equitable tolling of the statute of limitations. Plaintiffs argue that Defendants' alleged omission of the kickbacks from the loan statements constitutes fraudulent concealment. Assuming this to be true, Plaintiffs still need to allege that despite exercising due diligence, they could not have discovered the cause of action within the limitations period. *See Pinney Dock & Transp. Corp.*, 838 F.2d at 1465; *Mills*, 294 F. Supp. 2d at 908. Plaintiffs have not alleged this, or any facts that would give rise to that inference. Thus, Plaintiffs have failed to state a claim upon which relief can be granted.

However, the Court notes that motions to dismiss are disfavored and "should be granted sparingly and with caution only where it appears to a certainty that no set of facts could be proven

5

at trial which would entitle a plaintiff to any relief." *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201, 215 (6th Cir. 1961). Rather than dismissing Plaintiffs' cause of action with prejudice, the Court holds the proper remedy is dismissal with leave to amend. Plaintiffs will have thirty (30) days to amend their complaint to allege facts supporting an equitable tolling of the statute of limitations.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Defendants' Motion to Dismiss. Plaintiffs' Complaint is HEREBY DISMISSED WITH LEAVE TO AMEND. If Plaintiffs fail to amend their Complaint within thirty (30) days of the entry of this Order, Plaintiffs' cause of action will be dismissed with prejudice.

    IT IS SO ORDERED.

                        s/Lawrence P. Zatkoff
                        LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

Dated: September 28, 2005

### CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 28, 2005.

                        s/Marie E. Verlinde
                        Case Manager
                        (810) 984-3290