IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT K. MEYERS, STEPHANIE A. MEYERS, CHARLES EL-MOUSSA, GEOFF BINNEY, individually and on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>ABN AMRO MORTGAGE GROUP, INC. and INTERFIRST, a division of ABN AMRO MORTGAGE GROUP, INC.,<br><br>Defendants.<br>_____/ | CLASS ACTION<br>Case No. 05-70453<br>Hon. Lawrence P. Zatkoff<br>Magistrate Judge Pepe |

**AGREED PROTECTIVE ORDER**

Upon the stipulation of the parties for an agreed protective order ("Protective Order"), pursuant to Federal Rule of Civil Procedure 26(c), and good cause having been shown;

IT IS HEREBY ORDERED that Plaintiff Geoff Binney ("Binney") and Defendants ABN AMRO Mortgage Group, Inc. ("AAMG") and InterFirst (collectively, the "Parties") shall be subject to the following conditions of this Protective Order during the pendency of this action:

1. <u>Right to Designate Confidential Information</u>.  The Parties may designate as "Confidential" (in the manner set forth in this Protective Order) discovery materials that are produced or furnished which contain confidential financial or personal information of customers of AAMG, confidential business and operations information of AAMG, or other confidential information.  If any discovery materials become "publicly available" as the result of a breach of this Protective Order, or as the result of some other improper or inadvertent conduct, the parties agree nonetheless to treat such discovery materials as "Confidential."

2. <u>Designation of Confidential Information</u>.  All documents or papers designated "Confidential" shall be stamped or labeled "Confidential."  Alternatively, the Parties may

designate voluminous documents as "Confidential," without stamping, by notifying the other of the identity of the documents to be designated as "Confidential." All answers to interrogatories and responses to requests for admissions designated "Confidential" shall be prefaced with the warning "Confidential," and all pages thereof shall be stamped "Confidential." All deposition testimony for which "Confidential" status is claimed shall be so designated at the time the testimony is given or within thirty business days after receipt of the deposition transcript by designating counsel. Before that time, all deposition testimony shall be deemed "Confidential." If any "Confidential" discovery materials are used in a deposition, all portions of the transcripts of such deposition which refer or relate to such "Confidential" discovery materials shall be treated as "Confidential" pursuant to the terms of this Protective Order, and shall be bound separately.

       3.    <u>Later Designation of Confidential Information</u>. Production of documents and things for purposes of inspection and copying shall not constitute a waiver of confidentiality. When information not initially designated as "Confidential" is so designated later in writing, each of the Parties shall make a reasonable effort to retrieve documents containing the later-designated Confidential Information and make reasonable efforts to obtain the agreement of persons to whom disclosure of such information may have been made to treat such information as "Confidential."

       4.    <u>Limits on Disclosure of Confidential Information</u>. All discovery materials designated "Confidential," and any notes, work papers, or other documents prepared from them which contain "Confidential" information, shall be retained by the attorneys of record in this matter, and may be disclosed only to members and employees of the firms of such attorneys of record, judicial officers and personnel (including stenographic reporters), and the Parties to this

action. These materials may not be reviewed by or shared with any other attorneys or law firms. Counsel may disclose such "Confidential" information to outside consultants and experts retained for the purpose of assisting in the preparation of this action for trial if, prior to disclosing any such materials to any such consultant or expert, counsel shall have obtained from such consultant or expert an agreement in writing stating that he or she has read this Protective Order and agrees to be bound by its provisions. (A form of an agreement to respect "Confidential Information" is attached hereto as Exhibit A and incorporated herein by reference.) Persons permitted access to "Confidential" discovery materials under this paragraph shall not disclose, show, provide, or convey any such materials or information to any person, other than as provided in this Protective Order. No copy of any discovery materials designated "Confidential" shall be made other than at the express direction of such attorneys of record.

5. <u>Disclosure to Non-Parties</u>. "Confidential" materials may be shown or provided to non-parties only as follows:

(a) The attorneys of record to this litigation may show or provide "Confidential" materials or information of their client(s) without reservation.

(b) The attorneys of record to this litigation may show and/or provide "Confidential" documents of the opposing party as may be reasonably necessary to develop evidence in the course of this action if, but only if, prior to showing such material, counsel obtains from the non-party witness or potential non-party witness an agreement in writing stating that he or she has read this Protective Order and agrees to be bound by its provisions. (A form of an agreement to respect "Confidential Information" is attached as Exhibit A .)

6. <u>Notice of Disclosure</u>. Before any party discloses or shares any information designated by the Parties as "Confidential" to any non-party witness, including outside experts

or consultants, the party shall first require the non-party witness to read and agree to be bound by this Agreed Protective Order. The non-party witness shall confirm their agreement to be bound by this Agreed Protective Order by signing the Agreement to Comply with Agreed Protective Order (in the form of Exhibit A hereto) before receiving any information designated as "Confidential." The party disclosing "Confidential" information to a non-party shall then maintain a log of the "Confidential" information disclosed to the non-party. The parties shall exchange any executed Agreements to Comply with Agreed Protective Order along with the log signed by any non-party within ten (10) days of the entry of the conclusion of this litigation whether by settlement or final, non-appealable judgment.

7. <u>Sanctions</u>. Any party, including attorneys of record and outside consultants and experts retained in this action, who knowingly violates this Protective Order, including but not limited to unauthorized disclosure of "Confidential Information" or documents, may be subject to all sanctions specified in the applicable rules of the Federal Rules of Civil Procedure and the inherent powers of the Court.

8. <u>Depositions</u>. In the event that a party wishes to use "Confidential Information" in the course of a deposition, all persons present shall be advised of the terms and conditions of this Protective Order and, at the request of the designating party, all persons not authorized to receive "Confidential Information" under this Protective Order shall leave the room during the time in which this information is disclosed or discussed. Counsel for the designating party shall either at the deposition or within thirty days after receipt of the transcript thereof, notify all other counsel either on the record or in writing, that the information disclosed has been designated confidential under this Protective Order. Those portions of a deposition that are so designated shall be filed

separately and under seal with the Court.  In order to facilitate such designations, all deposition transcripts shall be treated as confidential until thirty days after receipt by designating counsel.

9. <u>Use Limited to This Litigation Only</u>.  All documents, answers to interrogatories, deposition testimony, responses to requests for admissions, and other information, whether marked "Confidential" or not, (hereinafter referred to collectively as "discovery materials") discovered or obtained by or on behalf of a party from an opposing party, or their officers, directors, employees, representatives, agents, and attorneys, shall be used solely for the preparation, trial, and appeal of this action and not for any other purpose or for any other legal action.

10. <u>Limitation on Copying</u>.  No copies, summaries, or abstracts of "Confidential Information" shall be made for distribution or use by persons other than persons identified herein.

11. <u>File Under Seal</u>.  In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition, transcript, or other paper filed with the Court, the "Confidential Information" shall be filed and kept under seal by the Clerk of the Court until further order of this Court, provided, however, that the paper shall be furnished to the Court and counsel for the Parties and a duplicate copy with the "Confidential Information" deleted will be placed in the public record insofar as possible.

12. <u>Inadvertent Production of Privileged Documents</u>.  Inadvertent production of documents otherwise subject to the attorney-client privilege or work product immunity shall not constitute a waiver of any privilege or immunity.  Upon notification that a document or other discovery material has been inadvertently produced and that a claim of attorney-client privilege or work product will be made with regard to such document or other discovery material, the

party receiving such notice shall refrain from utilizing said document or discovery in any manner or form including specifically, but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever, pending a ruling on a motion seeking the return of the document or discovery material. A party seeking such protection shall file a motion with the Court within seven days measured from the date of refusal by the receiving party to return such document or discovery material. A hearing shall thereafter be conducted as soon as an available court date is obtained.

      13.    <u>Inadvertent Disclosure of Confidential Information</u>. If the Parties or any of their representatives, including counsel, inadvertently discloses any information or documents designated as confidential pursuant to this Protective Order to persons who are not authorized to use or possess such "Confidential Information," counsel for that party shall provide immediate written notice of the disclosure to the party whose "Confidential Information" was inadvertently disclosed. Similarly, in the event a party has knowledge that "Confidential Information" is being used or possessed by a person not authorized to use or possess "Confidential Information" or documents pursuant to this Protective Order, regardless of how the "Confidential Information" was disclosed or obtained by such person, counsel for that party shall provide immediate written notice of the unauthorized use or possession to the party whose "Confidential Information" is being used or possessed. In the event of any inadvertent disclosure or unauthorized use or possession of "Confidential Information," the Parties shall cooperate and make reasonable efforts to retrieve such "Confidential Information" and/or to obtain the agreement of persons to whom such inadvertent or unauthorized disclosure was made to treat such information as confidential.

Doc. #: 26375

14. <u>Notice of Other Court Subpoena or Order</u>.  If another court or administrative agency subpoenas or orders production of information or documents stamped confidential which a party has obtained under the terms of this Protective Order, such party shall promptly notify the attorneys of record of the party or other person who designated the information or documents as confidential of the pendency of such subpoena or order, and shall furnish those attorneys of record with a copy of said subpoena or order.

15. <u>Use at Trial</u>.  Nothing in this Protective Order shall preclude the use of discovery materials designated "Confidential" at trial or hearings in this matter.  The Parties agree, however, subject to the discretion of the Court, that they will request the Court to maintain the confidentiality of discovery materials designated "Confidential" during all court proceedings, including the trial or any appeal in this action.

16. <u>Modification</u>.  Any party may apply for modification of this Protective Order upon reasonable notice to the other parties and after counsel for the party which deems itself aggrieved shall have contacted opposing counsel to attempt to resolve the issue through informal negotiation.  This Protective Order shall not be deemed a waiver by any party of its rights to object to any discovery on any of the grounds provided or permitted by the Federal Rules of Civil Procedure, including confidentiality, or otherwise.  If a party withholds the production of a requested document on grounds that it is confidential, the withholding party must notify the opposing party and provide a written explanation as to why (i) the document is "Confidential," and (ii) this Protective Order is not adequate to protect the designated "Confidential" information, within seven (7) days of a demand for same from the requesting party.  The entry of this Protective Order shall not create any presumption that any discovery materials designated "Confidential" by a party are in fact confidential and entitled to protection against disclosure,

and this Protective Order is without prejudice to the right of the counsel for any party to seek from the Court a release from the terms of this Protective Order as to any discovery materials designated as "Confidential." Notice shall be given to all other Parties prior to the time any such application is made to the Court.

17. <u>Return at End of Action</u>. At the conclusion of this action, all discovery materials, including all copies, extracts and summaries thereof, and documents containing information taken therefrom but excluding attorney work papers, shall be promptly returned to the Parties' respective counsel, if requested. Notwithstanding the foregoing, each counsel may retain one copy of all pleadings.

The undersigned agree to the form and content of this Protective Order.

PLAINTIFF GEOFF BINNEY,

By: <u>Joseph P. McGill */s/* w/ permission</u>
       One of His Attorneys

DEFENDANTS ABN AMRO MORTGAGE GROUP, INC. and INTERFIRST

By: <u>Richard J. Landau */s/* w/ permission</u>
       One of Their Attorneys

<u>s/Lawrence P. Zatkoff</u>
U.S. District Judge

Dated: March <u>17th</u>, 2006

Doc. #: 26375

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. MEYERS, STEPHANIE A.
MEYERS, CHARLES EL-MOUSSA,
GEOFF BINNEY, individually and on
behalf of themselves and others similarly
situated,

   CLASS ACTION
   Case No. 05-70453

   Hon. Lawrence P. Zatkoff
     Plaintiffs,
   Magistrate Judge Pepe

ABN AMRO MORTGAGE GROUP, INC.
and INTERFIRST, a division of ABN AMRO
MORTGAGE GROUP, INC.,

   Defendants.
_____/

## AGREEMENT TO COMPLY WITH AGREED PROTECTIVE ORDER

A copy of the Agreed Protective Order has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all terms of the Agreed Protective Order. I understand that unauthorized disclosures of Confidential Information or documents constitute contempt of court, and that breach of this Agreement is directly actionable by any person whose Confidential Information or documents are used or disclosed in violation of this Agreed Protective Order. I also consent to the exercise of personal jurisdiction by the above-referenced court with respect to this Agreement and the Agreed Protective Order.

_____
       Signature

Date:_____
       Printed Name

Doc. #: 26375